United States District Court
Southern District of Texas
FILED

AUG 0 4 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

LUIS ANTONIO HERNANDEZ
        Petitioner

                     Civ. No. **B-04 131**

v.                  USDC. No.: 1:03CR00172-001

UNITED STATES OF AMERICA
        Respondent

## SUPPLEMENT TO PETITIONER'S MOTION PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW INTO COURT, Luis Antonio Hernandez, Petitioner, acting in Propia Persona, and respectfully files, for this Court consideration, this Supplement to Petitioner's Motion Pursuant to Title 28, United States Code, Section 2255.

### BACKGROUND

On March 11, 2003, a Federal Grand Jury in Brownsville, Texas, returned a two-count indictment charging Luis Antonio Hernandez and others with (1) Conspiracy to possess with intent to distribute a quantity, more than one hundred (100) kilograms, that is, approximately 720 kilograms (1583.6 pounds) of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846.  (2) Possession with intent to distribute a quantity, more than one kilogram, that is, approximately 625 kilograms (1375 pounds) of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.

Petitioner timely filed his Mottion pursuant to Title 28, United States Code, Section 2255.

There has not been a determination on Petitioner's § 2255 Motion.

## ARGUMENT

I. **HERNANDEZ'S DUE PROCESS RIGHTS UNDER THE FIFTH AMENDMENT AND SIXTH AMENDMENT RIGHT TO TRIAL BY JURY WERE VIOLATED WHEN HIS SENTENCE WAS ENHANCED THREE-LEVELS PURSUANT TO UNITED STATES SENTENCING GUIDELINES, SECTION 3B1.1(b), AS PRONOUNCED IN THE BLAKELY V. WASHINGTON CASE.**

Luis Antonio Hernandez's (hereinafter "Hernandez") sentence was enhanced three-levels pursuant to the dictates of the United States Sentencing Guidelines (hereinafter "USSG"), Section 3B1.1(b), for being a manager/supervisor in the offense.

Under USSG § 3B1.1(b), a defendant receives a three-level upward adjustment if he "played aggravating role in the concerted activity as he played an extensive part in the planning and organization of the offense. Pursuant to USSG §3B1.1(b), if the defendant was a manager and the criminal activity involved five (5) or more participants or was otherwise extensive."

**Rule 7(c)(1)** of the **Federal Rules of Criminal Procedure** requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charge." Courts will normally find an indictment sufficient unless it fails to state a material element of the offense. **United States v. Cabrera-Teran, 168 F.3d 141, 144 (5th Cir. 1999)** (indictment failing to allege defendant was "arrested," an element of the offense, invalid because facially deficient.).

The Constitutional rule announced in the **Apprendi v. New Jersey, 120 S.Ct. 2348 (2000),** decision rejects any sentencing enhancement to

a defendant's sentence, except for his criminal history when those

enhancement elements of the offense were not presented to a jury, and when

the jury did not find, beyond doubt, that the defendant was guilty of

those charges.

In the recent decision in **Blakely v. Washington, No. 02-1632,**

**___U.S._____(2004),** the United States Supreme Court stated that "Any

fact that increases the upper bound on a judge's sentencing discretion

is an element of the offense.  Thus, facts that historically have been

taken into account by sentencing judges to assess a sentence within a broad

range--such as drug quantity, role in the offense, risk of bodily harm--all

must now be charged in an indictment and submitted to a jury."  **Id.**

It is clear that the "statutory maximum" for **Apprendi** purposes is

the maximum sentence a judge may impose solely on the basis of the facts

reflected in the jury verdict or admitted by the defendant.

Every new element, such as is the case here, a three-level enhancement

for being a manager/supervisor of the offense, that a prosecutor can

threaten to charge is also an element that a defendant can threaten to

contest at trial and make the prosecutor prove beyond a reasonable doubt.

See, **J. Archbold, Pleading and Evidence in Criminal Cases 44.  (11th ed. 1849)**

("[E]very fact or circumstance which is a necessary ingredient in the offense

must be set forth in the indictment" so that "there may be no doubt as to

the judgment which should be given, if the defendant be convicted");

**1 T. Starkie, Criminal Pleading 68 (2d ed. 1822)** (the indictment must state

"the criminal nature and degree of the offence, which are conclusions of

law from the facts; and also the particular facts and circumstances which

render the defendant guilty of the offence").

In **Blakely v. Washington, supra,** the United States Supreme Court

stated, "The Court makes clear that it means what it said in

**Apprendi v. New Jersey, 530 U.S. 466 (2000).** In its view, the Sixth

Amendment says that 'any fact that increases the penalty for a crime

beyond the prescribed statutory maximum must be submitted to a jury."

The Court also stated that a jury must find, not only the facts

that make up the crime of which the offender is charged, but also all

(punishment-increasing) facts about the way in which the offender carried

out that crime.

In the instant case, Hernandez's sentence was enhanced three-levels

for allegedly being a manager/supervisor of the offense.  Hernandez contends

that his rights under the Fifth and Sixth Amendment of the United States

Constitution were violated when such enhancement was not in the indictment.

Because the fact that the three-level enhancement increased Hernandez's

sentence beyond the prescribed statutory maximum, **Apprendi** and **Blakely**

apply in the instant case.  Accordingly, the enhancement must be charged

in an indictment, submitted to a jury, and proved beyond a reasonable

doubt.  In **Blakely, supra,** the Court stated, "Our precedents make clear,

however, that the 'statutory maximum' for **Apprendi** purposes is the maximum

sentence a judge may impose solely on the basis of the facts reflected in

the jury verdict or admitted by the defendant.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** Luis Antonio Hernandez pray this Honorable Court to consider the issue presented herein, and vacate his sentence in the best interest of justice.

Done at Forrest City, Arkansas, on this 26th Day of July, 2004

Respectfully submitted,

Luis Antonio Hernandez

5

## CERTIFICATE OF SERVICE

I hereby certify that I mailed an original and one copy of the

foregoing Supplement to Petitioner's Motion Pursuant to Title 28,

United States Code, Section 2255, via Certified Mail, on this _26th_ day

of July, 2004, addressed to:


    CLERK
    UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF TEXAS
    P.O. BOX 2299
    BROWNSVILLE, TEXAS 78522-2299


Luis Antonio Hernandez
82033-079   H-D
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR 72336-9000

6